UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALEX ALFONSO SALAVERRIA | * | CIVIL ACTION |
| VERSUS | * | NO. 25-648 |
| ORANGE COUNTY, ET AL. | * | SECTION "A" (2) |

## ORDER, REPORT AND RECOMMENDATION

Pending before me is Plaintiff Alex Alfonso Salaverria's Motion for Leave to Proceed *in forma pauperis*. ECF No. 2. In addition, the Honorable Jay Zainey issued an Order of Reference to conduct a hearing, including an evidentiary hearing, if necessary, and to submit a report and recommendations on the issue of whether the claims asserted in the complaint are frivolous, malicious, fail to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e), or should have been brought in another venue. ECF No. 3. Upon review of the record, I have determined that this matter can be resolved without an evidentiary hearing.

## I.    BACKGROUND

Plaintiff filed this suit against various police departments, cities, and a county located in California[1] asserting § 1983, civil RICO, and *Bivens* claims, as well as claims for violations of 18 U.S.C. §§ 241 (conspiracy against rights), 242 (deprivation of rights under color of law), 1341 (mail fraud), and 1503 (influencing or injuring officer or juror generally), Title II of the ADA, 42 U.S.C. § 12132, and California's Unruh Civil Rights Act and Consumer Privacy Act. *See* ECF No. 1 at 3, 9. He appears to allege that Defendant Orange County allows the Los Angeles Police

---

[1] The defendants are Orange County, City of Newport Beach, City of Laguna Beach, City of Irvine, City of Santa Margarita, Laguna Beach Police, Newport Beach Police, Orange County Sheriff's Department, City of San Clemente, City of Mission Viejo, City of Anaheim, City of Buena Park, City of Costa Mesa, City of Santa Ana, City of Fullerton, City of Mission Hills, City of San Juan Capistrano. ECF No. 1 at 2, 7-8. Though not named defendants, he also asserts the claims against the Orange County Transportation Authority ("OCTA"), its CEO Darrel E. Johnson, and 100 unnamed OCTA bus drivers. *Id.* at 8.

Department to operate in the defendant cities, that unauthorized military personnel are operating in some of the cities, that "rogue agents" have destroyed and stolen his prescribed medications, that police are flying military drones in prohibited airspace, and that agents of Los Angeles County and the Government are monitoring Plaintiff in a coordinate effort. *Id.* at 9.

## II.    APPLICABLE LAW AND ANALYSIS

### A.    *In Forma Pauperis* Standard for Authorization to Proceed Without Payment

A court may authorize the commencement of a civil action without the prepayment of fees or costs "by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."[2]  Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court.[3]  Courts should make the assessment of a plaintiff's financial ability after considering whether payment of the filing fee would cause an undue financial hardship.[4]  This analysis entails a review of plaintiff's income sources (including social security or unemployment payments[5]) and the demands on her financial resources, including whether expenses are discretionary or mandatory.[6]

Plaintiff's application is submitted on the AO 240 Form and indicates that he is unemployed, receives $0 monthly income, had significant assets that were taken/stolen from him, has monthly expenses totaling $1,000, has no dependents, and has less than $10 in cash or checking or savings accounts.  ECF No. 2 at 1-2.  Based on Plaintiff's affidavit, he has established that he is financially unable to pay fees in this matter, as required by 28 U.S.C. § 1915.

---

[2] 28 U.S.C. § 1915(a)(1).

[3] *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).

[4] *Prows*, 842 F.2d at 140 (citing *Smith v. Martinez*, 706 F.2d 572 (5th Cir. 1983)).

[5] Courts consider social security payments in making the in-forma-pauperis determination. *See, e.g.*, *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784-85 (10th Cir. May 17, 2010) (affirming denial when appellant's only income sources were social security and unemployment benefits); *Salter v. Johnson*, No. 12-738, 2013 WL 550654, *1 (S.D. Miss. Jan. 18, 2013) (noting income includes social security payments), *R.&R. adopted*, 2013 WL 55065 (Feb. 12, 2013).

[6] *Prows*, 842 F.2d at 140.

Plaintiff's *in forma pauperis* application (ECF No. 2) includes sufficient information to enable the Court to determine that he is unable to pay fees in this matter, as required by 28 U.S.C. § 1915. Based upon the information provided, Plaintiff will be permitted to proceed *in forma pauperis* in this proceeding under the provisions of 28 U.S.C. § 1915(a) as to his individual claim(s). Although the Court has permitted the Plaintiff to proceed *in forma pauperis*, the Court must determine whether Plaintiff's complaint satisfies the requirements of the *in forma pauperis* statute.

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[7] Section 1915(e)(2)(B) grant the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to state a claim upon which relief may be granted.[8] Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[9] This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[10]

A claim is "frivolous where it lacks an arguable basis either in law or in fact."[11] A claim "lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if

---

[7] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding *in forma pauperis* is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).
[8] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R.&R. adopted sub nom. Vo v. St. Charles Par.*, No. 10-4264, 2011 WL 740909 (E.D. La. Feb. 22, 2011).
[9] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)).
[10] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."); *see also Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous).
[11] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the complaint alleges the violation of a legal interest which clearly does not exist."[12]  A court may

not dismiss a claim simply because the facts are "unlikely."[13]  A factually frivolous claim alleges

only facts that are "'clearly baseless,' . . . are 'fanciful,' 'fantastic,' and 'delusional' . . . [or] rise

to the level of the irrational or wholly incredible, whether or not there are judicially noticeable

facts available to contradict them."[14]  A complaint fails to state a claim on which relief may be

granted when the factual allegations do not rise above a speculative level, with the assumption that

all factual allegations in the complaint are true, even if doubtful.[15]

**B.  Pleading Standard**

Rule 8(a) of the Federal Rules of Civil Procedure requires a Complaint set forth "sufficient

facts from which the court can determine the existence of subject matter jurisdiction and from

which the defendants can fairly appreciate the claim made against them."[16]  While Rule 8's

pleading standard does not require "detailed factual allegations," it does demand more than an

"unadorned, the-defendant-unlawfully-harmed-me accusation."[17]

Even the complaints of *pro se* litigants must satisfy Rules 8 and 9 to convince the court

that plaintiff has a colorable claim.[18]

**1.  Plaintiff Cannot Assert Claims Under Criminal Statutes**

Criminal charges cannot be brought by private individuals.  "[A] private citizen lacks a

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

[13] *Moore v. Mabus*, 976 F.2d 268, 270 (5th Cir. 1992) (citing *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992)).

[14] *Id.* (quoting *Denton*, 504 U.S. at 32-33).

[15] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[16] *Kinchen v. Sharp*, No. 11-1040, 2012 WL 700920, at *2 (E.D. La. Feb. 10, 2012) (quoting *Bremer v. Hous. Auth. of New Orleans*, No. 98-2735, 1999 WL 298795, at *1 (E.D. La. May 12, 1999)), *R.&R. adopted*, 2012 WL 700265 (E.D. La. Feb. 29, 2012).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

[18] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (stating "[a]lthough we treat *pro se* pleadings more liberally, some facts must be alleged that convince us that the plaintiff has a colorable claim; conclusory allegations will not suffice.").

judicially cognizable interest in the prosecution or nonprosecution of another."[19]  As Chief Justice Roberts has noted, "[o]ur entire criminal justice system is premised on the notion that a criminal prosecution pits the government against the governed, not one private citizen against another."[20] Nor can a plaintiff compel a criminal investigation by federal law enforcement agencies by filing a civil complaint.[21]  The Executive Branch has absolute discretion to decide whether to investigate or prosecute a case, and such decisions are not subject to judicial review.[22]

Some of Plaintiff's asserted claims alleging violations of federal criminal statutes, conspiracy against rights, deprivations of rights under color of law, mail fraud, influencing or injuring officer or juror generally,[23] lack a private cause of action.[24]  Lacking a private cause of action, these claims must be dismissed as to all defendants for being legally frivolous.[25]

### 2.  Plaintiff Does Not Plead a *Bivens* Claim Against Federal Officials

An action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a remedy for victims of constitutional violations by federal government officials in their individual capacities.[26]  To state a *Bivens* claim, a plaintiff must plead

---

[19] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

[20] *Robertson v. U.S. ex rel. Watson*, 560 U.S. 272, 278 (2010) (dismissal of writ of certiorari as improvidently granted) (Roberts, C.J., dissenting).

[21] *White v. Markey*, No. 20-3316, 2020 WL 7481041, at *2 (D.D.C. Dec. 11, 2020) (citing *Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141-42 (11th Cir. 1987) (per curiam); *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)).

[22] *United States v. Nixon*, 418 U.S. 683, 693 (1974) (citations omitted); *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 654 (5th Cir. 2021).

[23] 18 U.S.C. §§ 241, 242, 1341, 1503.

[24] *See Tijerino v. GATR Truck Ctr.*, No. 24-947, 2024 WL 4564776, at *2 n.15 (E.D. La. Oct. 23, 2024) (Zainey, J.) (citing *Payne v. Allen*, No. 08-795, 2009 WL 1546362, at *1 n.1, *5 (W.D. La. June 1, 2009) (dismissing claims under 18 U.S.C. § 241 as frivolous because the statute does not provide for a private right of action)); *White v. Statebridge Co.*, No. 22-713, 2023 WL 2472657, at *8 (E.D. Tex. Feb. 6, 2023) ("Federal courts have uniformly found there is no private cause of action under 18 U.S.C. Sections 241, 242." (citing cases)); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 436 (5th Cir. 1977) (noting mail fraud statute (§ 1341) does not have a "private right of action"); *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960) (noting criminal statutes, including § 1503, provides "no civil remedies").

[25] *Tjerino*, 2024 WL 4564776, at *2 n.15 ("Claims based on statutes without a private cause of action are commonly dismissed as frivolous by courts in the Fifth Circuit." (citing *Bell*, 549 F.2d at 346; *Krieg v. Steele*, 599 F. App'x 231, 232-33 (5th Cir. 2015); *Randle v. PNC Fin. Serv. Grp.*, No. 23-263, 2024 WL 646363, at *7 (N. D. Tex. Feb. 12, 2024) ; *Payne*, 2009 WL 1546362, at *1 n.1, *5)).

[26] *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

a deprivation of statutory or constitutional rights by a federal officer acting under color of federal law.[27]  A suit alleging violations of federal constitutional or statutory rights against a state actor is a § 1983 action, not a *Bivens* action.[28]  Thus, Plaintiff's *Bivens* claims are legally frivolous too because he does not assert them against any federal official.

### 3.  Plaintiff's Civil RICO Claims are Frivolous

The Racketeer Influenced and Corrupt Organization Act ("RICO") recognizes a civil RICO claim,[29] and Plaintiff appears to assert against all defendants RICO claims pursuant to 18 U.S.C. § 1962(a)-(c).  Regardless of these RICO sections Plaintiff relies upon, three threshold elements must be met.[30]  The defendant must be (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.[31]  A pattern of racketeering activity consists of two or more predicate acts, federal or state, that are (1) related and (2) amount to or pose a threat of continued criminal activity.[32]  A RICO plaintiff "must plead specific facts, not mere conclusory allegations, which establish the enterprise,"[33] and "plaintiff must plead the specified facts as to each defendant. It cannot . . . 'lump[ ] together the defendants.'"[34]

---

[27] *See Bivens*, 403 U.S. at 397.

[28] *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("[A] *Bivens* action is the federal analog to suits brought against state officials under . . . [§ 1983]."); *see also Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

[29] 18 U.S.C. § 1964(c).

[30] *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).

[31] *Id.*; *see also St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (citation omitted).

[32] *St. Germain*, 556 F.3d at 263.

[33] *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quoting *Montesano v. Seafirst Com. Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)).

[34] *Id.* (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 738 (5th Cir. 2019) (quoting *In re MasterCard Int'l Inc., Internet Gambling Litig.*, 132 F. Supp. 2d 468, 476 (E.D. La. 2001), *aff'd*, 313 F.3d 257 (5th Cir. 2002))).

A government entity is not a proper RICO defendant because it cannot form the *mens rea* requirement of the underlying criminal act a RICO claim is based on.[35]  A public official then is not a proper RICO defendant either when the claim is made against the person in their official capacity.[36]  Accordingly, Plaintiff's civil RICO claims against the cities, police departments, the county,[37] and OCTA,[38] are legal frivolous, as well as the claims against OCTA's CEO and bus drivers if treated as official-capacity suits.[39]

If the Court construes Plaintiff's civil RICO claims against OCTA's CEO and bus drivers as brought against them in their personal capacity, those claims fare no better as they would be factually frivolous.  Though Plaintiff cites federal crimes (mail fraud, influencing or inuring officer or juror generally) that can constitute "racketeering activity,"[40] he fails to set forth any specific facts, dates, names, communications or events to support his conclusory allegations of criminal activity, nor does he explain how these acts constitute the crimes he cites.

---

[35] *Gil Ramirez Grp., L.L.C. v. Hous. Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015) (citing *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 404 (9th Cir. 1991); *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (reaffirming *Lancaster*)).

[36] *See Abcarian v. Levine*, 972 F.3d 1019, 1027 (9th Cir. 2020) ("[T]he district court was correct in concluding that [the *Pedrina*] rule would necessarily extend to a suit against municipal officers in their official capacities." (citing *Ctr. For Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity."))); *see also McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 414 (5th Cir. 2004) ("Supreme Court precedent makes clear that 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 81 (1989); and citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985))).

[37] *Davis v. City of Alvarado*, 835 F. App'x 714, 720 (5th Cir. 2020) ("To begin, the magistrate judge correctly determined that [the city and police department] are not proper defendants in a RICO suit." (citing *Gil Ramirez Grp.*, 786 F.3d at 412)); *Pedrina*, 97 F.3d at 1300 (affirming dismissal of RICO claims against city).

[38] *Rogers v. Orange Cnty. Transit Auth.*, No. 17-1735, 2013 WL 12164780, at *3 (C.D. Cal. May 29, 2023) (implicitly finding OCTA a state entity).

[39] *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("State employment is generally sufficient to render the defendant a state actor." (citations omitted)); *Rogers*, 2013 WL 12164780, at *3 (finding plaintiff sufficiently alleged OCTA bus driver as a state actor acting under color of state law when he pushed bus into plaintiff's vehicle).

[40] *See* 18 U.S.C. § 1961(1).

### 4. Plaintiff Fails to Plead a Nonfrivolous § 1983 Claim

Plaintiff cites to § 1983 and appears to allege violation of his Fourth Amendment rights, as he alleges Orange County and its cities allow the Los Angeles Police Department to operate there and "rogue agents," presumably of the police department, destroyed and stole his medications, and that employees of Los Angeles County and the Government are tracking him with via GPS.[41]

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[42]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[43]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[44]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[45] This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[46]

---

[41] ECF No. 1 at 9.
[42] 42 U.S.C. § 1983.
[43] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).
[44] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[45] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).
[46] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

Considering his allegations, Plaintiff does not allege a specific individual violated his Fourth Amendment rights.  Rather, he asserts his § 1983 claims against government bodies, which "can be liable only 'when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible.'"[47]  A plaintiff would have to allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury or damage.[48]

Plaintiff has failed to allege that Los Angeles County has a policy/custom of GPS-tracking of individuals.  Further, allowing the Los Angeles Police Department to operate within its jurisdiction is not an unconstitutional policy of Orange County and its cities, and Plaintiff has not alleged the county or the cities have a policy/custom of allowing the police to steal medications. Thus, Plaintiff's § 1983 claims are factually frivolous.

### 5.  Plaintiff Fails to Plead a Nonfrivolous Title II ADA Claim

Plaintiff appears to allege that unnamed private individuals and local law enforcement of Orange County violated Title II of the ADA because he is an AIDS survivor.[49]  That section provides that "no qualified individual with a disability shall, by *reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities *of a public entity* or be subjected to discrimination by any such entity."[50]  A public entity is a state or local government, agency or department of a state or local government, and select railroad and commuter authorities.[51]

---

[47] *Muller v. St. Tammany Par.*, No. 09-3362, 2010 WL 2464802, at *10 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 1978)).
[48] *Id.* (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992)).
[49] ECF No. 1 at 9.
[50] *Prim v. Stein*, 6 F.4th 584, 594 (5th Cir. 2021) (emphasis in original) (quoting 42 U.S.C. § 12132).
[51] *Id.* (citing § 12131).

Plaintiff's claim is factually frivolous.  Private individuals are not public entities, and Plaintiff has not alleged that he was denied the benefits of any particular service, program or activity of a particular law enforcement agency or department of Orange County.

### C. **Venue**

Venue is generally determined under 28 U.S.C. § 1391, which states that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[52]

For § 1983, *Bivens*, and Title II ADA claims, venue is determined by § 1391.[53]  But for a civil RICO claim brought pursuant to 18 U.S.C. § 1964, a court may be the proper venue under § 1391 *and* the RICO venue provisions of § 18 U.S.C. 1965,[54] which state:

> (a)  Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

> (b) In any action under section 1964 of this chapter in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may

---

[52] 28 U.S.C. § 1391(b).

[53] *See Jones v. Bales*, 58 F.R.D. 453, 458 (N.D. Ga. 1972) ("There is no special venue statute for civil rights actions [brought pursuant to § 1983]. Thus, the general venue statute [§ 1391] controls.), *aff'd*, 480 F.2d 805 (5th Cir. 1973); *Alva v. Louisiana*, No. 22-3048, 2022 WL 7145624, at *1 (E.D. La. Sept. 27, 2022) (stating venue for *Bivens* actions is determined by § 1391 (citing *Moler v. Wells*, 18 F.4th 162, 167 (5th Cir. 2021) (deferring to general venue provisions for venue of *Bivens* claim))); *Bailey v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, 484 F. Supp. 3d 346, 354-55 (E.D. La. 2020) (Brown, C.J.) (finding venue proper under § 1391 for Title II claims); *see also Reeves v. Stanislaus Cnty. Superior Ct.*, No. 24-27, 2024 WL 1832994, at *2 (N.D. Okla. Apr. 4, 2024) ("Claims under Title II of the ADA are subject to the general venue provision of [§ 1391]." (citing *Reeves v. N.Y.C. Hous. Auth.*, No. 23-3820, 2023 WL 3902241, at *1 (S.D.N.Y. May. 9, 2023))).

[54] *See Phillips v. GEICO Ins. Co.*, No. 24-1017, 2024 WL 3822748, at *1 (N.D. Tex. May 13, 2024), *R&R adopted*, 2024 WL 3826468 (N.D. Tex. Aug. 13, 2024), *dismissing appeal*, No. 24-10783, 2025 WL 429972 (5th Cir. Feb. 7, 2025).

10

cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.[55]

Pursuant to 28 U.S.C. § 1406(a), a district court in which a case was filed in the wrong district "shall" dismiss the action, but the provisions of both 28 U.S.C. § 1404 and § 1406 allow a court to transfer, rather than dismiss, a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice.[56] The transfer provisions "should be regarded as [ ] federal judicial housekeeping measure[s], dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms."[57] Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.[58] A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."[59] Regardless, dismissal under § 1406(a) is proper where Plaintiff's claims are frivolous or otherwise fail to state a claim upon which relief can be granted.[60]

Salaverria has presented no basis for his claims to proceed in the Eastern District of Louisiana. Under § 1391, venue would be proper where the defendants reside or may be found and where the substantial part of the events occurred. Plaintiff names as defendants police

---

[55] Section 1965(b) authorizes nationwide service of process when (1) the plaintiff is able to establish personal jurisdiction over at least one defendant under Section 1965(a) and (2) the ends of justice so require. *Bonvillian v. La. Land & Expl. Co.*, 702 F. Supp. 2d 667, 685 (E.D. La. 2010) (citing *David v. Signal Int'l, LLC*, 588 F. Supp. 2d 718, 724 (E.D. La. 2008) (Zainey, J.). "'[E]nds of justice' is a flexible concept uniquely tailored to the facts of each case." *Allstate Ins. Co. v. Plambeck*, No. 08-388, 2009 WL 347423, at *3 (N.D. Tex. Feb. 11, 2009) (quoting *Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1227, 1232 (10th Cir. 2006), *cert denied*, 550 U.S. 918 (2007).

[56] *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

[57] *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014).

[58] *Id*. at 678 (citing *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).

[59] *Id*. (citations omitted)

[60] *See Tobias v. Collins*, 56 F.3d 1385 (5th Cir. 1995); *Budnick v. Hampden Cnty. House of Corr.*, 105 F. App'x 601 (5th Cir. 2004).

departments, cities, and a county located in the Central District of California, and presumably the unnamed defendants (OCTA, its CEO, and its bus drivers) reside in that district as well. Thus, under § 1391(b)(1), the Central District of California would be the proper venue for Plaintiff's claims. Given that all of the events at issue appear to have occurred in that district, the Central District of California is the proper venue under § 1391(b)(2) as well.

Likewise, and assuming that a civil RICO claim can be asserted against public entities for the sake of the argument, Plaintiff has not established that any defendant resides, is found, has an agent, or transacts his affairs in the Eastern District of Louisiana or that this district otherwise has personal jurisdiction over any defendant. Thus, the Central District of California, not the Eastern District of Louisiana, would also be the proper venue for Plaintiff's civil RICO claims.

For the foregoing reasons, Salaverria's complaint should be dismissed pursuant to § 1406(a) because his filing lays venue in a wrong district, unless the interests of justice dictate that the matter be transferred. And given that Plaintiff has not stated a proper claim as set forth above, transfer is not appropriate.

### D. Supplemental Jurisdiction

A federal court may exercise supplemental jurisdiction over a state law claim where the court has original jurisdiction over all other claims and the supplemental claims are so related to the original claims that they "derive from a common nucleus of operative fact."[61]

Because I recommend that Plaintiff's federal claims be dismissed pursuant to § 1406(a) and no possible basis for federal subject matter jurisdiction is otherwise reflected on the face of this complaint, the court has discretion either to decline or exercise supplemental jurisdiction over

---

[61] 28 U.S.C. § 1367(a); *S J Associated Pathologists, P.L.L.C. v. Cigna Healthcare of Tex., Inc.,* 964 F.3d 369, 373 (5th Cir. 2020) (quoting *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))).

Plaintiff's state law Civil Rights Act and Consumer Privacy Act claims. Considering the statutory provisions of § 1367(c) and balancing the relevant factors of judicial economy, convenience, fairness and comity and considering the early stage of this proceeding, the Court should decline to exercise jurisdiction over the state law claims and likewise dismiss them without prejudice.

III.    **ORDER AND RECOMMENDATION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, in light of the recommendation for dismissal, summons not be issued.

**IT IS RECOMMENDED** that Plaintiff's claims against Orange County, City of Newport Beach, City of Laguna Beach, City of Irvine, City of Santa Margarita, Laguna Beach Police, Newport Beach Police, Orange County Sheriff's Department, City of San Clemente, City of Mission Viejo, City of Anaheim, City of Buena Park, City of Costa Mesa, City of Santa Ana, City of Fullerton, City of Mission Hills, City of San Juan Capistrano, Orange County Transportation Authority ("OCTA"), Darrel E. Johnson, and 100 unnamed OCTA bus drivers be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and otherwise for failure to state a claim for which relief can be granted, but with the right to file an amended complaint within fourteen days.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction and Plaintiff's state law claims be **DISMISSED** in accordance with 28 U.S.C. § 1367(c)(3).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days**

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[62]

New Orleans, Louisiana, this _____23rd_____ day of April, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[62] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.